UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

    v.

TRINITY LIGHTING, INC. d/b/a TRINITY
LIGHTING,

    Defendant.

No. 10 C 2250
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This is a collection action brought by Bank of America, N.A. ("BOA"), as the purchaser of the accounts receivable owed by Trinity Lighting, Inc. ("Trinity") to Berman Industries, Inc. ("Berman"). I granted Trinity leave to file its counterclaims, which BOA now moves to dismiss. For the following reason's BOA's motion to dismiss Trinity's counterclaims is granted.

## I. FACT STATEMENT

Trinity and Berman had a course of dealing that began in 2007 whereby Trinity would order lighting products from Berman, and Berman would provide those products to Trinity. Between August 2008 and March 2009, however, Trinity allegedly failed to pay several invoices from Berman for products ordered and received, totaling $276,129.93. On April 7, 2009, after defaulting on its loans, Berman entered into a Trust Agreement and Assignment for the Benefit of Creditors pursuant to Illinois law. The Assignee conducted a public sale where BOA purchased the unpaid amount owing from Trinity to Berman. Trinity has not paid BOA for its allegedly unpaid debt, and BOA filed a complaint to collect on the unpaid amount. Trinity now

seeks to bring seven counterclaims against BOA under a theory of imputed liability pursuant to 810 ILCS 5/9-404.

In its counterclaim, Defendant asserts that in April 2009, Berman ceased business operations without notice to its customers. At this time, Trinity had a number of orders not yet completed. Included with these orders were a number of shipping containers that remained in transit from China to the United States or were abandoned by Berman prior to shipment from China. Trinity alleges that as a result of Berman's cessation of business Trinity incurred expenses in excess of $73,080.00. Trinity alleges that Berman never credited this amount against Trinity's outstanding balance. Trinity also alleges that it was invoiced $26,727.00 for storage of containers that did not contain Trinity products. Similarly, it asserts that it received damaged and defective products and was unable to negotiate an appropriate credit as a setoff for these products. The total amount of damaged or defective products received by Trinity exceeds $104,584.39. Similarly, Trinity claims that it expended more than $79,718.69 to remedy the installation of defective products purchased from Berman. Finally, Trinity alleges that Berman retained possession of certain tooling valued in excess of $86,325.29.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). Plaintiff must do more than solely recite the elements for a violation; it must plead with sufficient particularity so that its right to relief is

more than mere conjecture. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead its facts so that, when accepted as true, they show the plausibility of its claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of its entitlement to relief. *Id.* (internal quotations omitted).

**III. DISCUSSION**

Trinity asserts that pursuant to 810 ILCS 5/9-404, its counterclaims against Berman may be imputed to BOA. Pursuant to statute, "[u]nless an account debtor has made an enforceable agreement not to assert defenses or claims" the rights of an assignee are subject to:

> (1) all the terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract; and
> (2) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee.

The statute goes on to provide that "the claim of an account debtor against an assignor may be asserted against an assignee [] only to reduce the amount the account debtor owes." 810 ILCS 5/9-404(b). Accordingly, Trinity argues that its counterclaims are properly asserted because they assert a right of setoff or recoupment. *Minnesota Elevator, Inc. v. Imperial Elevator Services, Inc.*, No. 08 C 4662, 2010 WL 2680114, * 3 (N.D.Ill. July 1, 2010) (citing *Schieffelin & Co., v. Valley Liquors, Inc.,* 823 F.2d 1064, 1065-66 (7th Cir.1987)).

Pursuant to Illinois law, only claims that relate directly to the contracts being sued upon may be used for setoff. *Minnesota Elevator*, 2010 WL 2680114, * 4 ("It is well recognized that under Illinois law, a set-off counterclaim is limited to damages arising out of the same contract as

3

the claim for the goods." (citing *Inspec Foams, Inc. v. The Claremont Sales Corp.*, No 01 C 8539, 2002 WL 1765630, at *2 (N.D. Ill. July 30, 2002)). A party may not apply credits for goods purchased under previous contracts to the contracts at issue in the case at hand. *Id*. Assuming, for purposes of this motion, that Trinity is asserting a right of setoff, Trinity has failed to plead facts to show that the claims it asserts against BOA (standing in the shoes of Berman) are related to the invoices on which BOA bases its claims. As noted *supra*, Trinity failed to pay Berman $276,129.93 for specific products it ordered. The counterclaims asserted by Trinity generally arose when Berman ceased its operations in April 2009. With one exception, all invoices on which BOA seeks to collect were invoiced prior to Berman ceasing business operations in April 2009.

In count I of its counterclaim, Trinity alleges that Berman breached its contract when it ceased business operations while performance was pending. It is conceivable that this allegation does relate to a contract at issue in BOA's complaint. Trinity, however, has failed to plead facts sufficient to show that this claim relates directly to a contract at issue. Accordingly, count I of the counterclaim is dismissed, with leave to amend.

Count II alleges that Berman breached express and implied warranties. Specifically, Trinity alleges that Berman breached an express and implied warranty that its products would be free from all defects and would be merchantable as defined by the Uniform Commercial Code. Trinity does not allege any conduct by BOA that expressly or impliedly made any warranties or representations to Trinity in connection with the products at issue. Again, it is possible that this allegation relates to an invoice at issue in BOA's complaint, though Trinity failed to plead facts

4

to show that this is so. Accordingly, count II of the counterclaim is dismissed, with leave to amend.

In count III for conversion, Trinity asserts that Berman failed to return specially made tooling to Trinity after it ceased business operations in or about April 2009. This count is in no way related to the contracts at issue in the BOA complaint, nor the invoices on which BOA seeks to collect. Accordingly, count III is dismissed.

Count IV alleges that Trinity conferred a benefit upon Berman by completing and paying for all outstanding shipments to Trinity, accepting consignment of Berman shipping containers that did not contain Trinity products, paying for and storing Berman shipping containers that did not contain Trinity products, and remedying defective Berman products shipped to Trinity customers. Again, it is possible that the shipments at issue in this count relate to a contract or invoice at issue in BOA's complaint. Trinity has failed to plead facts to show that this is so, and accordingly, count II of the counterclaim is dismissed, with leave to amend.

Count V alleges deceptive trade practices and contends that Berman knew or should have known that it would not continue business operations in or about April 2009. This allegation does not relate to any invoice at issue in the BOA complaint, nor does it allege any conduct by BOA that can serve as a basis for relief. BOA's motion to dismiss count V is granted.

Likewise, count VI alleges the Berman committed fraud by providing assurances to Trinity that it would remain in business and complete all orders agreed upon by the parties. Again, this allegation does not allege any setoff as related to BOA's complaint, nor does it allege any conduct by BOA that can serve as a basis for relief. BOA's motion to dismiss count VI is granted.

Finally, count VII is captioned "Imputed Liability." This count alleges that its allegations from counts I through VI can be imputed to BOA. Set off is not appropriate with respect to this count, and accordingly, it is dismised.

## IV. CONCLUSION

For the foregoing reasons, BOA's motion to dismiss Trinity's counterclaims is granted. Trinity is granted leave to amend counterclaim counts I, II, and IV.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: February 10, 2011